UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ROY AVON HARVELL,**
    Petitioner,

v.                                                                    2:21-cv-1690-CLM-JHE

**WARDEN G. GIVENS, et al.,**
    Defendants.

## MEMORANDUM OPINION

Petitioner Roy Avon Harvell filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2255. (Doc. 1). The magistrate judge has entered a report recommending the court dismiss the petition as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 17). The magistrate judge also recommended the court deny Harvell's motion for more documents (doc. 13) as moot. (Doc. 17). Harvell has timely objected to the magistrate judge's report and recommendation. (Doc. 18).

Harvell first disputes the magistrate judge's finding that this court had denied Harvell's previous petition for writ of habeas corpus in *Harvell v. Nagle*, Case No. 2:93-cv-467-WMA-TMP. According to Harvell, the court instead "granted probable cause to the 11th Circuit because [the] State appeal[ed] the *Cage* claim." (Doc. 18 at 1). Harvell's argument misunderstands the procedural history of his previous petition.

In that case, the magistrate judge reviewing Harvell's petition recommended granting habeas relief on Harvell's reasonable-doubt claim based on *Cage v. Louisiana*, 498 U.S. 39 (1990), which held a reasonable-doubt instruction violated due process. *See Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995). Before ruling on the recommendation, the court requested supplemental briefing to address the effect of an intervening

United States Supreme Court case, *Victor v. Nebraska,* 511 U.S. 1(1994). *See Harvell v. Nagle,* 58 F.3d at 1542. After reviewing the record and considering the parties' submissions, the court denied Harvell's habeas petition, holding that *Victor* showed the jury instruction wasn't constitutionally defective. *Id.* The court then granted Harvell's motion for leave to proceed on appeal in forma pauperis and his application for a certificate of appealability. (*See* Doc. 22 in Case No. 2:93-cv-467-WMA-TMP). On appeal, the Eleventh Circuit affirmed this court's denial of Harvell's petition for a writ of habeas corpus. *Harvell v. Nagle,* 58 F.3d at 1545. So the court **OVERRULES** Harvell's objection challenging the magistrate judge's finding that the court didn't deny his previous petition.

Harvell's previous habeas petition challenging his 1989 murder conviction, and this court's denial of that petition on the merits, renders this petition successive. That means this court cannot consider Harvell's current petition absent authorization from the Eleventh Circuit under 28 U.S.C. § 2244(b)(3)(A).[1]

After considering the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. So by separate order, the court will dismiss without prejudice Harvell's petition for writ of habeas corpus to allow Harvell an opportunity to ask the Eleventh Circuit for authorization to file a successive petition under 28 U.S.C. § 2244(b)(3)(A). The court will also deny Harvell's motion for more documents (doc. 13).

**Done** on May 19, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[1] The rest of Harvell's objections go to the merits of his claims and do not address the magistrate judge's finding that this petition is successive. (Doc. 18 at 2–8). Because the court lacks jurisdiction to consider the merits, the court **OVERRULES** Harvell's remaining merits-based objections.